No. 83-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

JON ERIC ELIASON,

       Plaintiff and Respondent,

  -vs-

DONALD E. WALLACE,

       Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana

    For Respondent:

        Kristine Davenport, Missoula, Montana
        Mulroney, Delaney & Dalby; P. Mars Scott, Missoula,
        Montana

Submitted on Briefs: January 19, 1984

Decided: April 30, 1984

Filed: APR 30 1984

*[signature]*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from a judgment of the Fourth Judicial District Court, Missoula County, finding the defendant liable to the plaintiff for property damage, medical costs, lost wages, pain and suffering, punitive damages and costs. We affirm.

At approximately 10:20 p.m. on June 20, 1980, the plaintiff left the Cozy Court Trailer Park in Lolo, Montana on his 1980 Yamaha motorcycle. Plaintiff's motorcycle had an automatic turn-on headlight which could not be turned off as long as the engine was in an "on" position.

After leaving the trailer court, the plaintiff proceeded north on Highway 93. At the same time, defendant was proceeding south on Highway 93 in a 1963 Volkswagon. As the vehicles approached the Circle K store in Lolo, defendant made a left hand turn crossing in front of plaintiff's path. When the plaintiff swerved to avoid hitting defendant's vehicle he lost control of his motorcycle and crashed sustaining personal and property damage.

Montana Highway Patrolman James Wierson immediately investigated the accident and concluded that plaintiff had been driving within the posted speed limit. Wierson issued a citation to defendant for failure to make a proper left turn.

On November 14, 1980, plaintiff brought an action against the defendant alleging defendant was negligent and liable for personal and property damage arising out of the accident. The matter was heard on January 4, 1983, before

the court sitting without a jury and on March 8, 1983, the court rendered its decision. Based upon the testimony and exhibits of both parties the District Court found that the defendant's failure to yield to plaintiff constituted gross negligence and awarded plaintiff $4,346.51 in compensatory and punitive damages plus costs. The District Court also found that plaintiff was not negligent.

From the order of the District Court defendant appeals raising four issues.

Initially, appellant argues the District Court erred in its decision because the weight of evidence indicated the plaintiff was solely or comparatively negligent in the accident.

Although there was conflicting evidence surrounding the facts of the accident, our function in reviewing findings of fact in a civil action tried by the District Court without a jury is not to substitute our judgment in place of the trier of facts but rather it is confined to determining whether there is substantial credible evidence to support the findings of fact and conclusions of law. Horning v. Estate of Lagerquist (1970), 155 Mont. 412, 473 P.2d 541; Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939. As this Court stated in Cameron:

> "Although conflicts may exist in the evidence presented, it is the duty of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence, unless there is a clear preponderance of evidence against such findings." Cameron, supra, 179 Mont. at 227.

In determining whether the trial court's findings were supported by substantial evidence we must view the evidence

in the light most favorable to the prevailing party. Hellickson v. Barrett Mobile Home Transport, Inc. (1973), 161 Mont. 455, 507 P.2d 523. Substantial evidence is evidence such as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the prevailing party's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence. Staggers v. USF & G (1972), 159 Mont. 254, 496 P.2d 1161. The evidence may be inherently weak and still be deemed "substantial" and substantial evidence may conflict with other evidence presented. Campeau v. Lewis (1965), 144 Mont. 543, 398 P.2d 960. Moreover, Rule 52(a), M.R.Civ.P. provides, in part, the "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

The record before us indicates substantial evidence upon which the District Court based its decision.

Next, the appellant asserts the District Court erred in awarding respondent punitive damages because there was no showing that appellant acted with malice.

In awarding respondent punitive damages the District Court found that appellant's failure to yield to oncoming traffic constituted gross negligence and recklessness. Appellant has not demonstrated by a clear preponderance of the evidence that the District Court's finding was clearly erroneous. Accordingly, the award of punitive damages was proper. In Harrington v. Holiday Rambler Corporation (1978), 176 Mont. 37, 575 P.2d 578, we held that it is not

-4-

necessary to show actual malice to recover punitive damages. The trier of fact may take into account whether the acts complained of are "of such a character as to indicate a reckless disregard of the rights of the plaintiff" in awarding punitive damages. Butcher v. Petranek (1979), 181 ?rMont. 358, 593 P.2d 743. Moreover, the District Court's findings meet the standard for presumed malice this Court recently set forth in Owens v. Parker Drilling Co. (Mont. 1984), No. 83-172. In Owens, this Court said:

> "When a person knows or has reason to know of facts which create a high degree of risk of harm to the substantial interests of another, and either deliberately proceeds to act in conscious disregard of or indifference to that risk, or recklessly proceeds in unreasonable disregard of or indifference to that risk, his conduct meets the standard of willful, wanton, and/or reckless to which the law of this State will allow imposition of punitive damages on the basis of presumed malice."

The appellant also argues the District Court erred in measuring respondent's damages because the amounts awarded for lost wages and for pain and suffering were inconsistent with the evidence presented at trial. Specifically, appellant asserts it was an error to award respondent $463 in lost wages because respondent testified he only made $56 per day and only missed one day of work as a result of the accident. In addition, respondent maintains that the District Court erroneously awarded respondent $2,500 for pain and suffering because there was no objective evidence substantiating the damages.

The record shows respondent did not miss more than one day from work because he had scheduled two weeks vacation time prior to the accident and he used that time to

-5-

recuperate. Accordingly, the District Court's computation of lost wages was reasonable and supported by the record. Likewise, the District Court's decision to award $2,500 for pain and suffering was proper. Montana law requires only that the trier of fact exercise calm and reasonable judgment in determining an award of damages and the amount of the award rests in the sound discretion of the trier of fact. Jarussi v. Board of Trustees of School Dist. No. 28, Lake County (Mont. 1983), 664 P.2d 316, 40 St.Rep. 720. Moreover, in Cremer v. Cremer Rodeo Land and Livestock Co. (Mont. 1981), 627 P.2d 1199, 38 St.Rep. 574, we said that a recovery of damages will not be denied, even if the mathematical precision of the figure is challenged, provided the evidence is sufficient to afford a reasonable basis for determining the amount awarded. Here the record afforded the District Court a reasonable basis for awarding respondent $2,500 for pain and suffering.

Finally, appellant argues that respondent should not have recovered for damages that were partially paid by respondent's insurance companies because respondent was not the real party in interest and appellant would be exposed to multiple lawsuits. At trial, appellant had ample opportunity to object that all real parties in interest had not been joined and compel respondent under Rule 17, M.R.Civ.P., to join as necessary parties any insurance companies who were subrogated to respondent's loss. Moreover, appellant raises this issue for the first time on appeal so we cannot now consider its merits. Affirmed.

_____
Justice

-6-

We concur:

_____
                Chief Justice

_____

_____
                Justices



Mr. Justice Daniel J. Shea will file a special
concurrence at a later time.