No. 88-394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

MONTE D. LORENZ,

        Plaintiff and Appellant,

   -vs-

THE ESTATE OF LESLIE SCHILLING,
Deceased,

        Defendant and Respondent.

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable H.R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kathleen M. Fritsch, Glendive, Montana

    For Respondent:

        Peter O. Maltese, Sidney, Montana

Submitted on Briefs: Dec. 16, 1988

Decided: February 7, 1989

Clerk

FILED '89 FEB 7 AM 10 46
ED SMITH, CLERK
MONTANA SUPREME COURT
Filed:

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves a dispute over the condition of farm land owned by the defendant and leased by the plaintiff. Plaintiff Monte D. Lorenz appeals from the judgment of the District Court of the Seventh Judicial District, Richland County, entered after trial of the case to the court. The court ruled that Lorenz take nothing by his complaint, which the court then dismissed with prejudice. We affirm.

Lorenz frames four issues on appeal:

1. Whether Mr. Schilling had a duty to disclose his use of Tordon on the fields.

2. Whether Mr. Lorenz proved by a preponderance of the evidence that there was a breach of the duty to disclose by Mr. Schilling.

3. Whether the court's decision was a result of passion rather than law.

4. Whether the court erred by finding Mr. Lorenz negligent for failing to test the soil for Tordon.

In November of 1983, Lorenz contacted Leslie and Terry Schilling about leasing certain farm land owned by the Schillings. The parties met to negotiate the lease, but the content of those negotiations was disputed at trial.

Both sides agree that Lorenz indicated he wished to raise sugar beets on the land during the coming year. According to the depositions of both Leslie and Terry Schilling, and Terry Schilling's testimony at trial, Leslie Schilling indicated to Lorenz during these initial negotiations that the herbicide Tordon had been applied to some of the land in question. According to the Schillings, it was suggested to Lorenz that he inquire as to the suitability of the Tordon-treated land for raising sugar

beets. Lorenz allegedly replied that he could raise sugar beets on the land as long as "Clean"--another particular brand of herbicide--had not been applied. Lorenz denies that the Schillings ever told him about the Tordon application.

After these negotiations had taken place, Lorenz obtained a Farmers' Home Administration land lease form. In January of 1984, the parties again met, filled in the blanks of the lease form to reflect the terms they had reached earlier, and executed the lease. No mention was made of the subject of this controversy.

In the spring, Lorenz had the soil on the leased acreage tested to determine what fertilizers should be used. He then planted sugar beets in three of the fields he had leased, including two fields that had been treated with Tordon. By May, the beets in the two treated fields showed severe damage, and were replanted. In late June, the replanted fields again showed damage. Lorenz consulted with a field representative from Holly Sugar, who told him that the condition of the fields was consistent with Tordon damage. No production was had from the treated fields for that crop year. The lease was later terminated by agreement of the parties.

Lorenz filed this action in September of 1984, alleging fraudulent misrepresentation on the Schillings' part in failing to disclose the Tordon application. After discovery and trial, the District Court issued its ruling denying any relief to Lorenz. This appeal followed.

While counsel for Lorenz frames four issues in her brief on appeal, it is not necessary for us to examine each issue separately. Both sides agree that Leslie Schilling had a duty to disclose his application of Tordon to the fields in question. The next two issues, whether Lorenz proved his case by a preponderance of the evidence and whether the court

3

was motivated by passion rather than law, can be rephrased as a single question. Did the District Court err in finding that Schilling disclosed the Tordon application during the lease negotiations?

When reviewing a civil case tried to a court sitting without a jury, this Court will not substitute its judgment for that of the District Court functioning as trier of fact. Even when there is a conflict in the evidence, we will uphold the court's decision where there is substantial credible evidence to support its findings of fact and conclusions of law. Eliason v. Wallace (1984), 209 Mont. 358, 680 P.2d 573.

The record shows that Lorenz, Leslie Schilling and Terry Schilling were present when the lease was negotiated. Leslie Schilling is now deceased, but testified in deposition prior to his death that he disclosed his use of Tordon to Lorenz, and suggested that Lorenz investigate the herbicide's possible effects on sugar beets. Terry Schilling testified in deposition and at trial that her husband had indeed made that disclosure and suggestion. Over against this evidence was testimony by Lorenz that no such disclosure had been made.

The deposition testimony of Leslie Schilling, corroborated by his wife at trial, is "substantial" in that it would convince a reasonable person that the disclosure took place. See, Eliason, 680 P.2d at 575. Counsel for Lorenz has questioned the credibility of this testimony by seeking to point out inconsistencies or lack of memory on the Schillings' part. However, there is also evidence of a lack of motivation for the Schillings to lie to Lorenz. The terms of the lease called for payment to the Schillings based on a share of the crop harvested from their land. As Leslie Schilling pointed out in his deposition, failure of Lorenz's crop would mean that the Schillings would not be paid.

4

We conclude that there is substantial, credible evidence in the record to support the District Court's finding that Leslie Schilling disclosed his use of Tordon to Lorenz. Lorenz's claim of fraudulent misrepresentation therefore fails.

The fourth issue presented, that the court erred in finding Lorenz negligent in failing to have necessary soil tests performed, is at best an instance of harmless error. Counsel is correct in that the issue of Lorenz's negligence was not properly before the court. However, the court's statement was made in the context of its holding that the damage to the beet crop did not result from misrepresentation on the Schillings' part. No damages were awarded nor other penalty imposed.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5