No. 89-392

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DONALD E. PARE AND LOIS M. PARE,

        Plaintiffs and Appellants,

   -vs-

M. C. MORRISON AND DOROTHY MORRISON,

        Defendants and Respondents.

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles A. Graveley, Helena, Montana

    For Respondent:

        Richard L. Parish; Harlen, Thompson & Parish, Helena,
        Montana

Submitted on Briefs:  Dec. 14, 1989

Decided:    February 5, 1990

Filed:

_____
             Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Donald E. and Lois M. Pare, plaintiffs, appeal the decision of the District Court of the First Judicial District, Lewis and Clark County, finding that M.C. and Dorothy Morrison, defendants, did not fraudulently induce the plaintiffs to purchase real property from them. We affirm.

Donald E. and Lois M. Pare owned and operated an auto wrecking service in Helena, Montana. The Pares operated this business out of their home on North Harris Street. During the end of the summer in 1985, the Pares wanted to expand their business and began investigating the purchase of property located on Kerr Drive. This property, located in the Hiltabrand subdivision, Lewis and Clark County, was subject to restrictive covenants that were first recorded on February 14, 1958. The restrictive covenant that applies to this case states in pertinent part that

> 1. [N]o lot or building plot shall be used except for strictly residential purposes, and no business, trade or manufacture of any sort or nature shall be conducted thereon. . .
>
> . . .
>
> These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of twenty-five (25) years from the date these covenants are recorded, after which time said covenants automatically shall be extended for successive periods of ten (10) years unless changed in whole or part as hereafter stated.

These covenants were recorded in Book 63, pages 180-82 in the Office of the Clerk and Recorder, Lewis and Clark County.

2

The property on Kerr Drive was owned by M.C. and Dorothy Morrison at the time the Pares investigated purchasing the property. The Pares inspected the property and talked with the Morrisons regarding the sale of the property. The Pares returned later with family members and inspected the property for a second and third time. During these visits, the parties negotiated the price and terms of a potential sale.

The parties agreed to a price for the property and the Pares began to move their home and business onto the property prior to the closing date. As they were moving onto the property, the Pares discovered a problem with the plumbing. The Pares called an appraiser to look at the property and the parties agreed to reduce the purchase price by $6,000 due to the defective plumbing. The final purchase price agreed upon between the parties was $109,500. Prior to signing the final papers, an officer of Helena Abstract and Title Company showed the Pares a title commitment that referenced the restrictive covenants by book and page. The officer also showed them a document that set out the covenants in substantial form, stating specifically that no business shall be operated on the premises and that the restrictions shall last for twenty-five years and shall automatically renew in ten years, unless otherwise modified. The Pares nonetheless signed the final papers on November 29, 1985, transferring the deed and closing the transaction.

Shortly after the closing, Bruce Lanthorn noted that the Pares were attempting to operate an auto wrecking business on the

premises and informed them that the restrictive covenants that bound the property would prohibit such a business. The Pares received a follow-up letter from an attorney representing various neighbors and informing the Pares to cease operation of their business. After consulting with their own attorney, the Pares realized that the restrictive covenants on the property would prevent them from operating their business as intended. They moved out of the Kerr Drive property and back to their former residence and place of business on North Harris Street. The Pares attempted to restore themselves to status quo through negotiations with the Morrisons, but those negotiations failed. The Pares then attempted to sell the Kerr Drive property and were unsuccessful until January 21, 1987, when they sold it for $75,000.

On November 18, 1987, the Pares filed a complaint in the District Court of the First Judicial District, Lewis and Clark County, alleging that the Morrisons fraudulently induced them into buying the property on Kerr Drive. The matter was tried before the District Court, sitting without a jury, on May 15 and 16, 1989. The court returned a judgment in favor of the Morrisons. The Pares then filed a motion pursuant to Rule 59(g), M.R.Civ.P., to alter or amend the judgment. The District Court denied the motion and the Pares appealed.

The sole issue raised on appeal is whether the District Court erred in determining that the Morrisons did not fraudulently induce the Pares into entering a contract for the sale and purchase of the Kerr Drive property.

4

The Pares primary allegation is that the Morrisons committed fraud by falsely representing to them that the Kerr Drive property was not subject to any restrictions as to a business and therefore induced them into signing a contract for the sale and purchase of the property. In particular, the Pares argue that the Morrisons knew of the restrictive covenants, but failed to reveal the covenants so as to gain an unfair advantage over them.

The Pares in this case have the burden of proof of establishing by a preponderance of evidence the nine elements that constitute fraud. These nine elements are:

1.    a representation;

2.    the falsity of the representation;

3.    the materiality of the representation;

4.    the speaker's knowledge of the falsity of the representation or the speaker's ignorance of its truth;

5.    the speaker's intent that the false representation should be relied upon;

6.    the hearer's ignorance of the falsity of the representation;

7.    the hearer's reliance on the false representation;

8.    the hearer's right to rely on the false representation; and

9.    the consequent and proximate injury caused by the reliance on the false representation.

Wortman v. Griff (1982), 200 Mont. 528, 531-32, 651 P.2d 998, 1000; Van Ettinger v. Pappin (1978), 180 Mont. 1, 10, 588 P.2d 988, 994. The District Court found that the Pares failed to meet their burden

5

of proof. When a district court functions as a trier of fact, this Court will not substitute its judgment for that of a district court. On review, this Court will uphold a district court's decision when substantial credible evidence supports its findings of fact. Lorenz v. Estate of Schilling (Mont. 1989), 768 P.2d 869, 870, 46 St.Rep. 198, 200; Meridian Minerals Co. v. Nicor Minerals, Inc. (Mont. 1987), 742 P.2d 456, 461, 44 St.Rep. 1516, 1523-24.

In concluding that the Pares did not meet their burden of proof, the District Court noted the conflicting stories presented by the Pares and the Morrisons, and concluded that no reason existed why it should accept the Pares' version of events over the Morrisons' or vice versa. The District Court also concluded that the Pares did not successfully satisfy all of the nine elements that constitute fraud. In particular, the court noted that in attempting to establish fraudulent conduct by the Morrisons, the Pares primarily relied upon a statement by the Morrisons in which they stated that they operated a business on the property for four years and had no problems. The court noted, however, that this is a true statement and therefore cannot be the basis for an action in fraud. The court also noted that prior to signing the final papers, the Pares were presented with documents specifying the existence of the restrictive covenants and stating their substance in unambiguous terms. The District Court therefore concluded that the Pares did not meet their burden of establishing fraudulent intent by the Morrisons.

In light of the above, we hold that substantial credible

6

evidence supports the District Court's findings and conclusions that the Morrisons did not fraudulently induce the Pares into entering a contract for the sale and purchase of the Kerr Drive property.

The Pares also mention in their briefs that the Morrisons "mislead" them by not informing them that the property was subject to flooding and that the wiring and plumbing did not meet code. However, the Pares did not argue to this Court that these were the bases for the fraud action. This Court therefore does not need to address them on appeal.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices