No. 89-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

MARLOWE MEHL,

        Plaintiff and Respondent,

   -vs-

EUGENE MEHL,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        David L. Irving; Glasgow, Montana

    For Respondent:

        Kevin T. Sweeney, Billings, Montana

_____

Submitted on Briefs:  Jan. 11, 1990

Decided:  February 13, 1990

Filed:

'90 FEB 13 PM 1 52 FILED

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an action to dissolve a partnership. Defendant, Eugene Mehl appeals from an order of the District Court of the Fifteenth Judicial District, Sheridan County, which distributed property owned by a partnership operated by Eugene Mehl and the plaintiff, Marlowe Mehl. We affirm.

The issues on appeal are:

1. Whether the District Court erred by allowing Marlowe Mehl to claim his children's wages as a partnership expense.

2. Whether the District Court erred by denying Eugene Mehl's claim for wages in compensation for winding up the partnership affairs.

3. Whether the District Court erred by finding the Dagmar Bar as a partnership asset, and whether an error was committed in valuing the bar at $50,000.

4. Whether the District Court's order distributing the partnership assets is incorrect, inconsistent and not supported by the evidence.

Eugene and Marlowe Mehl are brothers. Since 1950, they have operated the family farm as a partnership known as "Mehl Brothers" or "Mehl Farms." The partnership operated without a written partnership agreement and it had no definite term. Property held by the partnership consisted primarily of farming equipment and machinery. The partnership did not own any real property, but it leased land from the family and from other people.

All proceeds were deposited in a checking account at a local bank and expenses were paid from that account. The brothers had agreed to split all profits on a fifty-fifty basis. Whenever money was needed by either partner, the practice was that he would tell the other and withdraw such money.

Initially, each partner was active in the farming business. Eugene took care of most of the day to day chores and Marlowe and his wife, in addition to helping Eugene, took care of the partnership books. However, in 1972 Marlowe Mehl suffered a stroke, and as a result was unable to fully contribute to the day to day activities on the farm. Some of his children were hired from time to time, in order to perform necessary chores.

In 1973, Eugene Mehl withdrew $7,200 from the partnership account and bought the Dagmar Bar located in Dagmar, Montana. The warranty deed and the liquor license to the bar were held in the names of Eugene Mehl and his wife, Bonnie. In 1980, Eugene and Bonnie were divorced and Bonnie received the bar and liquor license as part of the property settlement.

The partnership dissolved on November 21, 1983 by written notice from Marlowe Mehl to Eugene Mehl. The following month, Marlowe filed a complaint in District Court. A special master was appointed to assist the court in a partnership distribution. The lower court, relying upon the report prepared by the master, issued its order distributing the partnership property on January 20, 1989. Eugene Mehl submitted a motion to amend the court's order

3

on January 25, 1989. The lower court denied this motion and this appeal followed.

I

Prior to addressing the four separate specifications of error asserted by Eugene Mehl, we first discuss the standard of review to be applied by this Court to the District Court order winding up the Mehl Brothers partnership.

The District Court conducted this proceeding without a jury. The function of this Court, acting as an appellate tribunal in reviewing the determination of the District Court, is not to substitute its judgment for the District Court but to determine whether there is substantial credible evidence to support its determination. Although there may be conflicting evidence, if the record contains substantial evidence for which the District Court determination can be grounded, the District Court must be affirmed. Eliason v. Wallace (1984), 209 Mont. 358, 680 P.2d 573.

As his first specification of error, Eugene Mehl argues that the lower court erred in its finding that the wages paid to Marlowe Mehl's children were partnership expenditures. According to Eugene, Marlowe's children were hired after Marlowe's stroke and only because he was unable to do his share of the work. Therefore, Eugene argues, their wages should be deducted from Marlowe's capital account and should not be considered a partnership expense.

The District Court disagreed with this argument. It took judicial notice of the fact that farm children are often hired to do work on the family farm. This arrangement normally benefits the

4

farmer in two ways--his children earn a wage and the wages are deducted as a business expense on the farm's tax returns.

This arrangement took place on the Mehl Brothers farm. Marlowe's children were hired to do certain chores and the partnership deducted the wages as a business expense. Moreover, as Eugene himself testified, there was an agreement between he and Marlowe to pay the children a wage. Therefore, in light of the fact that Eugene acquiesced to this arrangement and the fact that he enjoyed the resultant tax advantage, we hold that the District Court did not err in its determination that the wages were a proper partnership expense.

II

The second issue on appeal concerns the claim by Eugene Mehl for wages which he claims are due him for winding up the partnership. In support of his argument that he is entitled to such wages, he relies upon § 35-10-401(6), MCA.

His reliance upon this statute is ill founded. Section 35-10-401(6), MCA, states in pertinent part:

> No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs. (Emphasis added.)

This statute is clear. In the absence of any agreement to the contrary, partners are not entitled to any wages unless one of the partners dies and the surviving partner winds up the partnership. In the present case, Marlowe Mehl did not die. Furthermore, there is no partnership agreement entitling Eugene Mehl to any wages for

5

his work winding up the partnership. The District Court, following the mandate of this statute, held that Eugene was not entitled to his claimed wages. Its determination of this issue is correct.

## III

Eugene Mehl contends it was reversible error for the District Court to treat the Dagmar Bar as a partnership asset, and it was reversible error to assign a $50,000 value to the bar. We disagree.

Section 35-10-203(2), MCA, states:

Unless a contrary intention appears, property acquired with partnership funds is partnership property.

The record shows that Eugene purchased the Dagmar Bar with two checks written on the partnership account. Therefore, the burden is on him to show that the bar did not belong to the partnership.

Documentation of ownership of the bar was submitted by both parties. Eugene Mehl submitted the warranty deed and liquor license to the bar which were in his and his wife's name. He also entered into evidence bank statements, employment registrations and other financial records which tended to indicate that he was the owner of the bar.

Marlowe Mehl submitted tax records and the property settlement between Eugene and his ex-wife Bonnie, which stated that the bar was partnership property. The lower court reviewed the evidence submitted by both parties and determined that the evidence submitted by Eugene did not overcome the presumption contained in § 35-10-203(2), MCA.

6

We acknowledge, however, that the evidence on this issue is conflicting. In light of the presumption created by § 35-10-203(2), MCA, and in light of the evidence of ownership contained within the tax records and property settlement, we find there is substantial evidence for the court's findings and there is no abuse of discretion. Accordingly, the District Court's findings must be affirmed.

Eugene Mehl also takes exception to the valuation of the bar as determined by the lower court. The District Court valued the bar at $50,000, and charged Eugene's capital account accordingly. Eugene maintains that the bar is worth substantially less and places a value on it of only $10,000-$15,000.

In coming to its conclusion, the District Court relied upon the special report prepared by the master. On issues decided by a special master, the District Court must accept the master's determination unless it is clearly erroneous. Rule 53(e)(2), M.R.Civ.P.

The master utilized three approaches in arriving at his valuation of the bar. In particular he evaluated the bar by examining the income it generates, the value placed upon it in Eugene's divorce action and by examining other similar bars in close proximity to Dagmar. The master's report is well reasoned and the value placed on the bar is clearly not erroneous. Therefore, the District Court was obligated to accept his valuation. On this issue the lower court is affirmed.

As a final issue, Eugene Mehl argues that the trial court's distribution of partnership assets is not supported by the evidence. Once again, we note that the lower court relied upon the report prepared by the special master in valuing and distributing the partnership assets which was based on substantial evidence. It came to the conclusion that both parties drew approximately equal amounts of money from the partnership and therefore neither party was owed any money. It then ordered sale of the remaining assets and a fifty-fifty split of the proceeds. We find that the District Court's determination in this matter is well reasoned and is supported by substantial evidence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices