No. 91-096

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ALAN FRANK,

      Plaintiff and Respondent,

-vs-

LAWRENCE BIRKY,

      Defendant and Appellant.

FILED

SEP 17 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Chris Christensen; Attorney at Law, Kalispell, Montana.

      For Respondent:

            William E. Hileman; Hedman, Hileman & LaCosta, Whitefish, Montana; Daniel W. Hileman; Murray & Kaufman, Kalispell, Montana.

Submitted on brief: August 1, 1991

Decided: September 17, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Defendant Lawrence Birky appeals from the judgment of the District Court of the Eleventh Judicial District, Flathead County. The issue is whether the District Court was clearly erroneous in its findings relative to the accounting and distribution of the parties' partnership assets following dissolution of the partnership. We affirm.

On July 1, 1978 Lawrence Birky (appellant/defendant) and Alan Frank (respondent/plaintiff) entered into a written partnership agreement to engage in the general business of logging and related industries. The agreement provided in part that the initial capital of the partnership would be contributed equally, that individual capital accounts would be kept for each partner, and that in the event of termination the assets would be divided equally. In October, 1983 Frank filed a complaint in the District Court alleging that Birky had breached the partnership agreement, requesting that the court dissolve the partnership and that the court award Frank his partnership share plus damages.

On October 21, 1985, the parties stipulated to bifurcate the trial; first to determine the scope of the partnership and then to resolve the issue of accounting and distribution. Judgment on the scope of the partnership was entered September 26, 1986. The partnership was determined to be composed of the following assets:

1976 Barko Loader mounted on a Kenworth truck complete with winch

1978 Kenworth Truck and Trailer

2

1978 450 Timberjack rubber-tire Skidder with chains

Air compressor and fuel tank.

The District Court found that the partnership was dissolved by mutual agreement in May, 1983 and ordered that the above property be divided equally between the parties.

For the second phase, a Special Master was appointed by the court to provide an accounting of the partnership property. During presentation of evidence to the Special Master a dispute arose concerning the court's order that the property be divided equally and whether Birky would be precluded from offering evidence of capital contributions. Birky filed a motion for clarification with the District Court.  The District Court ruled that:

> evidence shall be admissable of individual capital accounts  as they stood on the books of the partnership as of the date of its dissolution in May of 1983 insofar as said accounts relate to the three items of property described... in the September 26, 1986 Judgment of this Court. Such capital accounts... are relevant for... determining the amount in which the former partners will share equally after the payment of all liabilities including those to the partners' individual capital accounts.
> 3. In the event that the books of the partnership did not contain any such capital accounts on the date of dissolution, then the court shall deem the contributions with respect to the three items of property to have been equal and no evidence shall be admissible by the Special Master for the purpose of now creating any such accounts.
> ...

Birky was unable to provide books containing a record of individual capital accounts and admitted that such a record did not exist.

Thereafter the Special Master completed his findings and the District Court adopted the findings of the Special Master which included the following distribution of the partnership property.

1) The Barko loader (sold by Birky for $42,000)
    $9000 allowed to Birky for repairs necessary
    to promulgate the sale.
    $15,500 to Frank.
    $15,500 retained by Birky.

2) The Kenworth truck and trailer (sold for $42,000)
    $21,000 to Frank.
    $21,000 retained by Birky. (including
    responsibility for collecting $6,000 owed by
    purchaser.)

3) The Timberjack Skidder (Value of $40,000 at
    dissolution)
    $20,000 owed Frank by Birky who retained
    control and later sold.

4) Profits, wages and other compensation generated
    during the partnership
    $22,325.00 owed Frank by Birky.

Birky believes the equal distribution of the assets as delineated above is inequitable in light of the evidence presented.

First, appellant Birky contends that the court committed prejudicial error by ordering (in the absence of individual capital accounts on the partnership books) the capital contributions of the partners to be deemed equal. Birky relies on § 35-10-401(1), MCA, which provides:

> Rules determining rights and duties of partners. The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
> (1) Each partner shall be repaid his contributions whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.

Birky argues that by failing to remunerate him for his alleged capital contributions the District Court has circumvented the

4

mandate of § 35-10-401(1), MCA. Birky further argues that to ignore the capital contributions creates an inequitable distribution of the property which results in the unjust enrichment of Frank. A substantial portion of his alleged capital contributions would have to be proved by parol or extrinsic evidence.

A subissue necessary for review is, did the District Court err by instructing the Special Master to exclude parol or extrinsic evidence when determining the capital contributions. An evidentiary ruling by a trial court is a discretionary act. The standard of review for discretionary acts is: was the ruling a misuse or an abuse of the court's discretion. Steer, Inc. v. Department of Revenue of the State of Montana, (Mont. 1990), 803 P.2d 601, 47 St.Rep. 2199.

Birky contends that the court abused its discretion by not allowing him to present evidence pertaining to his capital contributions other than the business records.

In the dissolution of a partnership and the sale and distribution of the partnership's assets, a partner against whom an action was brought and who failed to keep records was estopped from objecting to the court's finding of value of each party's contribution to the venture. Loney v. Pettapiece (1970), 156 Mont. 1, 475 P.2d 999. In Loney, the trial court was faced with incomplete information regarding capital contributions to the venture. Based on the testimony received, the trial court attempted to accurately estimate the value of each partner's

contribution to the partnership. On appeal, the defendant argued that his capital contributions had not been fully considered. The court ruled that because he was in a position to keep records and did not he was precluded from objecting to the court's valuation. Here Birky kept the records of the partnership. We conclude that the court did not abuse its discretion in refusing to allow parol or extrinsic evidence to be presented by Birky in determining capital contributions.

The ultimate determination of capital contribution to the partnership is a question of fact to be determined by the District Court. Rule 52(a), M.R.Civ.P., requires that findings of facts be upheld unless they are found to be clearly erroneous. "[A] finding is `clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., (1948), 68 S.Ct. 525, 333 U.S. 364, 92 L.Ed. 746; Steer, Inc. v. Department of Revenue of the State of Montana (Mont. 1990), 803 P.2d 601, 47 St.Rep. 2199, citing Wage Appeal of Montana State Highway Patrol Officers v. Board of Personnel Appeals (1984), 208 Mont. 33, 40, 676 P.2d 194, 198. (Citations omitted.)

The District Court stated that in deciding to deem the contributions equal in the absence of partnership records, consideration was given

> ... the fact that the Defendant was primarily responsible
> for maintaining the books of the partnership, the passage
> of time, the confusing and incomplete evidence relating
> to this issue at the initial hearing and other
> factors.

6

There are ample facts in the record to support the District Court's finding that the capital contributions should be deemed equal. First, the partnership agreement itself clearly indicates that the contributions would be equal. Second, in the event that contributions were made they were to be documented in the capital accounts as part of the partnership records. As previously indicated, there were no such records. Third, the record of the proceeding before the District Court reflects evidence to support such a finding. The findings as supported above are not clearly erroneous and therefore cannot be set aside.

The appellant raises the additional claim that the manner in which the court provided the accounting and distribution of the partnership was inconsistent with the evidence on record. We disagree. Specifically, the appellant finds error with the District Court's reliance on expert testimony, the court's lack of consideration of draws taken by Frank, the court's lack of consideration of partnership obligations, and the court's valuation of the skidder. Each of these four related issues is a question of fact to be determined by the trial court.

The District Court relied on the findings of the Special Master and is obligated to follow the valuations as determined by the Special Master unless they are clearly erroneous. Rule 53(e)(2), M.R.Civ.P., Mehl v. Mehl (1990), 241 Mont. 310, 786 P.2d 1173.

Both parties had opportunity to present expert testimony and thereby opportunity to provide a manner for the court to calculate

7

the value of wages and profits generated by the partnership. The appellant takes exception with the court's acceptance of Frank's expert's method. Both experts testified that it was difficult to impossible to accurately verify the partnership's expenses. The finder of fact weighs the evidence and we conclude the findings are not clearly erroneous and are therefore affirmed.

Lastly, appellant asks for review of the determination of the value of the skidder because he believes it was valued at an improper date. It is uncontested that the net value of assets is generally made at or near the time of dissolution. See In re the Marriage of Halverson (1988), 230 Mont. 226, 749 P.2d 518. The appellant argues that to follow the general rule achieves an inequitable result and that an exception should be made. Once again, decisions regarding valuation of partnership property will be overturned only if they are clearly erroneous. The decision of the court to adhere to the general rule is not clearly erroneous. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

September 17, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Chris Christensen
Attorney at Law
1103 So. Main
Kalispell, MT 59903

William E. Hileman, Jr.
Hedman, Hileman & Lacosta
433 Second St.
Whitefish, MT 59937

Daniel W. Hileman
Murray & Kaufman
P.O. Box 728
Kalispell, MT 59903

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy