JUSTICE HARRISON,
dissenting.
I dissent. I view the facts of this case differently than the majority and would reverse the District Court’s judgment ordering Germanns to further reconstruct the portions of Waddell Ditch on their property.
I feel the District Court incorrectly found that Butlers were unable to obtain adequate irrigation water after Waddell Ditch was repaired by Germanns in 1989. According to Germanns, if Butlers were receiving adequate irrigation water after the 1989 repairs to the ditch, it is my view that the District Court erred by ordering Germanns to do further work on the ditch.
In actions tried without a jury we may not set aside findings of fact unless the findings are “clearly erroneous,” and we are required to give “due regard” to the opportunity of the trial court to judge the credibility of witnesses. Rule 52(a), M.R.Civ.R Findings of a district court are not clearly erroneous when based upon substantial credible evidence. Boylan v. Van Dyke (1991), 247 Mont. 259, 264, 806 P.2d 1024, 1027; Pare v. Morrison (1990), 241 Mont. 218, 222, 786 P.2d 655, 657.
Viewed in the light most favorable to the prevailing party, a district court’s decision must be reversed if its findings are not based upon substantial evidence and if a clear preponderance of evidence supports contradictory findings. Christensen v. Britton (1989), 240 Mont. 393, 401-02, 784 P.2d 908, 913. If the record shows that the same result would have been attained despite the error, an error by the trial court against the appellant is not grounds for reversal. Rule 14, M.R.App.P.
The District Court made the following finding:
“Plaintiffs’ lessee has since [1989 repairs to Waddell Ditch] encountered extreme difficulty in obtaining a sufficient flow of water through the Waddell Ditch to irrigate his downstream fields, resulting in a loss of hay production to the extent of approximately 25 tons.”
Butlers concede that the disputed finding is erroneous since Germanns’ 1989 repairs to Waddell Ditch restored sufficient water flow to permit irrigation of the Butler property in 1990. Butlers disagree, however, with Germanns’ assertion that the District Court’s order was based solely upon a misconception that water flow *117 continued to be impeded at the time the trial was held and point to other findings supporting the District Court’s judgment.
Through my examination of the record and findings I feel that the District Court erred in finding that the flow of water through Waddell Ditch continues to be impeded. The District Court ignored the special master’s report that Germanns had complied fully with the District Court’s order.
The court followed the recommendations of the expert hired by Butlers, Barry Dutton, and ordered Germanns to elevate the lower bank of Waddell Ditch by one foot, to widen the banks to three feet at the top, compact the banks, revegetate the banks, and line the ditch with bentonite. Mr. Germann altered the ditch in 1989 because water was overflowing its low banks and blocking the entrance to his garage. Testimony did not indicate that the ditch had been lined. The law requires that the plaintiff be restored to the position he would have attained had the wrong not occurred. Billings Clinic v. Peat Marwick Main & Co. (1990), 244 Mont. 324, 345, 797 P.2d 899, 913. In this case, the District Court’s judgment, by ordering Germanns to build a better ditch than existed before Germanns bought the property, restored Butlers to a better position than they occupied before the wrong.
In addition, the court ignored the special master’s report that Germanns had restored Waddell Ditch and that water was flowing onto Butlers’ property in sufficient amounts to allow for irrigation. The special master was the District Court’s own appointee and Chief Water Commissioner of the Fourth Judicial District, Tom Gale. He visited the site on five occasions and took several photographs of the work in progress. Mr. Gale was fully qualified to judge the restoration of Waddell Ditch.
Finally, Butlers themselves concede that the District Court’s finding that Butlers continued to have difficulty obtaining sufficient water for irrigation was erroneous. I would reverse the portion of the District Court’s judgment ordering Germanns to further reconstruct the portions of Waddell Ditch on their property.