No. 94-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JERRY SWENSON,

     Plaintiff and Appellant,

    v.

GARY DeCOCK and LELA DeCOCK,

     Defendants and Respondents.

FILED

NOV 1- 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        James J. Screnar, Angel, Screnar, Coil & Bartlett,
Bozeman, Montana

     For Respondent:

        William A. Schreiber, Belgrade, Montana

Submitted on Briefs:  September 22, 1994

Decided:  November 1, 1994

Filed:

clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jerry Swenson appeals the decision of the Eighteenth Judicial District Court, Gallatin County, in favor of Gary and Lela DeCock in this landlord-tenant dispute. We affirm.

As reframed by this Court, the issues are:

1.  Did the District Court err in finding that the lease between Swenson (landlord) and the DeCocks (tenants) was not terminated?

2.  Did the District Court err in finding that the DeCocks were not responsible for damage to a water hydrant?

3.  Did the District Court err in awarding attorney fees to the DeCocks rather than to Swenson?

The DeCocks leased a lot in a mobile home park owned by Swenson. The DeCocks paid the agreed rent from May through November, 1992; however, their payments were late in May, June, July and November of 1992. On March 9, 1993, Swenson served the DeCocks with notice to pay the late charges incurred due to these late payments within fifteen days or surrender possession of the mobile home lot. The demand was for payment of late charges, repair costs for a damaged water hydrant, and other unspecified damages totaling $374. The DeCocks failed to respond within fifteen days and Swenson instituted this action to recover the late charges and repair costs and to evict the DeCocks from the mobile home park.

The mobile home park rules, which are incorporated into the parties' agreement by the lease instrument, list the late fee as $5

2

per month.  Also, Gary and Lela DeCock testified that they believed the late fee to be only $5 per month.  The District Court found that the DeCocks did not owe $374.  The court found that the late fee was $5 per month and the DeCocks had paid late on four months.  The court found that the DeCocks owed a total of $20 in late fees and were not responsible for the costs of the hydrant repair.  We will not disturb the District Court's findings if they are supported by substantial credible evidence.  Mehl v. Mehl (1990), 241 Mont. 310, 786 P.2d 1173.  We conclude that the District Court's finding that the DeCocks owed only $20 is supported by substantial credible evidence.

Section 70-24-422(2), MCA, allows a landlord to evict a mobile home tenant by providing fifteen-day notice after a tenant fails to pay rent.  However, a landlord must give correct notice to evict a tenant pursuant to this statute.  When Swenson served the DeCocks with notice, the DeCocks' rent payments were current and they merely owed $20 in late fees.  Demanding $374, nearly twenty times what was actually owed, did not constitute proper or correct notice.  Thus, the fifteen-day period did not begin to run. We conclude the District Court properly quashed the eviction and properly determined that the tenancy was not terminated.

Swenson also claims that the District Court erred in finding that the DeCocks were not responsible for damage to the water hydrant.  The court's findings must be based on substantial credible evidence.  Mehl, 786 P.2d at 1175.  Gary DeCock testified that the hydrant leaked when his family moved their mobile home

3

onto the lot.    His two daughters, April and Brenda DeCock, testified that they did not know how the hydrant became plugged and denied making any admissions to Swenson concerning how the hydrant became plugged.   Swenson testified that while the hydrant was located in the DeCocks' front yard, the hydrant's plumbing was not connected to their mobile home unit. We conclude that the District Court's decision that the DeCocks were not responsible for the damage to the hydrant is supported by substantial credible evidence.

Section 70-24-442, MCA, allows the District Court to award reasonable attorney fees and costs to the prevailing party in a rental agreement dispute. Based on our decision above, the DeCocks were the prevailing party. We conclude the District Court did not err in awarding attorney fees to the DeCocks rather than to Swenson.

We affirm the decision of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to the State Reporter and West Publishing Company.


_____
Chief Justice

We concur:

_John Conway Harrison_

_Justices_

November 1, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


James J. Screnar
ANGEL, SCRENAR, COIL & BARTLETT
125 West Mendenhall
Bozeman, MT 59715

William A. Scheibner
Attorney at Law
5 North Broadway
Belgrade, MT 59714


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy