**NO.** 94-396

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

EDWARD J. WRIGHT,

    Plaintiff and Respondent,

    v.

RALPH MERSDORF and DENNIS MERSDORF,

    Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Madison,
                The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Michael J. Lilly, Berg, Lilly, Andriolo
            & Tollefsen, Bozeman, Montana

        For Respondent:

            James D. McKenna, Lineberger, Walsh & McKenna,
            Bozeman, Montana

FILED

MAR 1 6 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  January 19, 1995

            Decided:  March 16, 1995

_____
                    Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Ralph Mersdorf and Dennis Mersdorf appeal from a judgment of the Fifth Judicial District Court, Madison County, in favor of respondent Edward J. Wright entitling him to recover the amount of the unpaid balance of a sales agreement, interest, and costs, and against appellants' claim for reformation of the sales agreement.

Affirmed.

Appellants raise the following issues:

1.     Did the District Court err in concluding, as a matter of law, that respondent was entitled to the amount of the suspended installment payments?

2.     Did the District Court err in concluding, as a matter of law, that appellants were not entitled to a reformation of the parties' sales agreement?

Respondent and appellants are both licensed in Montana as professional guides and outfitters. In 1987, respondent purchased the assets of Hidden Lake Outfitters from Robert Bovee, a licensed Montana outfitter. The total purchase price was $135,000. Respondent made a down payment of $65,000, with the balance to be paid semi-annually. The balance was secured by a filed security agreement which created a lien on outfitting equipment and livestock in favor of Bovee.

In the fall of 1990, respondent decided to sell most of the assets he was purchasing from Bovee. Respondent and appellants met at respondent's ranch and executed a written contract whereby

2

respondent agreed to sell his "right, title and interest" in a Forest Service lease, a Burlington Northern lease, livestock, and outfitter equipment. The Burlington Northern lease remained in Bovee's name and was not assignable. Bovee retained his secured interest in some of the outfitter equipment and livestock. Neither party was advised or represented by counsel. The contract was typed by respondent's wife and witnessed by an employee of respondent. The parties agreed on a purchase price of $150,000. Appellants made an $80,000 down payment with the balance to be paid in equal monthly installments. Appellants performed until October 1, 1991. Thereafter, they made no further payments.

Respondent filed a complaint on December 18, 1991, alleging breach of contract and seeking judgment in the amount of the unpaid purchase price and interest. Appellants answered by generally denying the allegations set forth in respondent's complaint. Appellants counterclaimed for the right to reformation of the contract, alleging fraud and mutual mistake.

On May 10, 1994, the District Court entered its findings of fact and conclusions of law. The District Court concluded that appellants breached the contract by failing to make the installment payment due on October 1, 1991, and all subsequent payments thereafter. The District Court concluded that respondent was entitled to the amount of the suspended installment payments with interest. The District Court dismissed appellants' counterclaim. It is from the District Court's findings, conclusions, and judgment that appellants appeal.

Did the District Court err in concluding, as a matter of law, that respondent was entitled to the amount of the suspended installment payments?

We review a district court's conclusions of law to determine whether the district court's interpretation of the law was correct. In re Marriage of Schara (Mont. 1994), 878 P.2d 908, 910, 51 St. Rep. 676, 677; In re Marriage of Barnard (Mont. 1994) 870 P.2d 91, 93, 51 St. Rep. 173, 174.

Appellants argue that respondent was not entitled to the amount of the suspended installment payments because respondent was the first to materially breach the contract. Specifically, appellants assert that respondent did not fulfill his promise to secure a conveyance of the Burlington Northern permit. In addition, appellants contend that respondent did not convey clear title to the equipment and livestock, and that he did not convey title to sufficient and adequate equipment and livestock to operate the Forest Service permit.

The testimony of the parties concerning the transferability of the Burlington Northern permit and Bovee's lien on the equipment and livestock was diametrically opposed. The parties agreed that respondent notified appellants that Bovee retained title to the Burlington Northern permit. However, respondent testified that he informed appellants that the permit was not transferable. Appellants, on the other hand, testified that respondent claimed that he would be able to effect a transfer of title from Bovee to

4

appellants. As to Bovee's lien on the equipment and livestock, respondent testified that appellants were informed of Bovee's lien during a four-way telephone conversation with Bovee during negotiations between the parties. Appellants deny taking part in this conversation. Given the conflicting testimony of the parties, the District Court was forced to determine which party presented the more credible testimony. The District Court determined that respondent's testimony was more credible than that of appellants.

When reviewing the findings of fact of a district court in a civil action sitting without a jury, this Court will not substitute its judgment for the district court's, but rather we are confined to determining whether the findings of fact are clearly erroneous. Rule 52(a), M.R.Civ.P. When conflicting evidence is presented at trial, it is the function of the district court to resolve such conflicts. The district court's findings will not be disturbed on appeal when supported by substantial, though conflicting, evidence. Pare v. Morrison (1991), 241 Mont. 218, 221, 786 P.2d 655, 657; Meridian Minerals Company v. Nycore Minerals, Inc. (1987), 228 Mont. 274, 203, 742 P.2d 456, 461.

There is nothing in the record to demonstrate that the District Court's factual determinations as to the Burlington Northern permit and the Bovee lien on the equipment and livestock are clearly erroneous.

Appellants argue that respondent did not convey title to sufficient equipment and livestock to operate the Forest Service permit. As a result, appellants were required to purchase

5

additional equipment and livestock in order to meet Forest Service requirements. Appellants contend that respondent's failure to transfer adequate equipment and livestock constitutes a material breach of contract.

The record reveals that in response to a question about what steps appellants took to assure the validity of the Forest Service permit, appellant Dennis Mersdorf testified that prior to signing the contract they "went down to the Forest Service and talked to them." He also testified that prior to signing the contract they inspected the outfitting equipment and livestock they were about to purchase from respondent. Appellants both testified that upon inspection they discovered that the equipment was used and of little value. It is not clear from the record whether the quantity or quality of the equipment and livestock was inadequate for purposes of operating the Forest Service permit. However, appellants inspected the equipment and livestock prior to purchase, and they were well aware of its quality. The sales agreement was specific as to the quantity of the equipment and livestock for sale. Appellants discussed the validity of the permit with the Forest Service prior to signing the contract. During that discussion, appellants had the opportunity to find out what equipment and livestock was needed to operate a Forest Service permit. Appellants exercised their right to inspect the equipment and livestock under § 30-z-513, MCA. Appellants cannot now complain that defects in either the quantity or the quality of the equipment for purposes of operating under the Forest Service permit

6

constitute material breach by respondent. See § 30-2-316(3)(b), MCA.

We hold that the District Court did not err in concluding, as a matter of law, that respondent was entitled to the amount of the suspended installment payments.

<u>ISSUE 2</u>

Did the District Court err in concluding, as a matter of law, that appellants were not entitled to a reformation of the parties' sales agreement?

We apply the same standard of review to Issue 2 that we applied to Issue 1.

Appellants argue that they are entitled to a reformation of the contract due to mutual mistake of fact. Appellants contend that both parties shared a mistaken assumption that the Burlington Northern lease was transferable from Bovee to appellants. In Issue 1 we affirmed the District Court's finding that there was no credible evidence to show that respondent represented to appellants that the Burlington Northern lease was transferable from Bovee to appellants. If there was a mistake as to the Burlington Northern lease it was unilateral on the part of appellants. As opposed to mutual mistake, unilateral mistake is not normally grounds for relief for the mistaken party. Carney v. Wallner (1986), 223 Mont. 260, 266, 725 P.2d 557, 560.

We hold that the District Court did not err, as a matter of law, in concluding that appellants were not entitled to reformation of the parties' sales agreement.

7

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

March 16, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael J. Lilly
Berg, Lilly, Andriolo & Tollefsen
910 Technology Blvd., Suite A
Bozeman, MT 59715

James D. McKenna
Lineberger, Walsh, McKenna
P.O. Box 6400
Bozeman, MT 59771/6400

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy